**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Laura Toney, Appellant,

v.

United States of America, United States Department of Agriculture, Farmers Home Administration, Respondents.

Appellate Case No. 2019-000361

―――――――――

Appeal From Lee County
George M. McFaddin, Jr., Circuit Court Judge

―――――――――

Unpublished Opinion No. 2021-UP-440
Submitted October 1, 2021 – Filed December 8, 2021

―――――――――

**AFFIRMED**

―――――――――

Laura Toney, of Bishopville, pro se.

―――――――――

**PER CURIAM:** Laura Toney appeals the circuit court's dismissal of her case against "the United States of America, acting through the Farmers Home Administration, [and the] United States Department of Agriculture." On appeal, Toney argues the circuit court erred because (1) the circuit court "had general jurisdiction over this case because it deal[t] with [s]tate issues" and (2) she was entitled to a default judgment. Because the circuit court properly determined it did not have jurisdiction, we affirm pursuant to Rule 220(b), SCACR, and the

following authorities: *United States v. Bormes*, 568 U.S. 6, 9-10 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is "'unequivocally expressed.'"" (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33-34 (1992))); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."); *id.* ("Absent a waiver, sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit."); *Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019) ("A waiver of the [f]ederal [g]overnment's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." (omission by court) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996))).[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] Because the circuit court properly determined it did not have jurisdiction, we need not reach Toney's remaining issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.